UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
  ROBERT G. LUSTYIK, JR.,                :
                   Petitioner,    :        **OPINION AND ORDER**
  v.                                 :
                                 :
  UNITED STATES OF AMERICA,      :        18 CV 11235 (VB)
                  Respondent.   :        13 CR 616 (VB)
--------------------------------------------------------------x

Briccetti, J.:

       Petitioner Robert G. Lustyik, Jr., proceeding pro se, has moved under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, alleging his trial counsel provided constitutionally ineffective representation in the presentencing period and at sentencing.  Petitioner's grounds for relief, summarized as follows, are that trial counsel unreasonably failed to:

      1.     investigate and contest inaccuracies in the Presentence Report ("PSR"), prepared by the United States Probation Office;

      2.     investigate and contest sentencing enhancements in the PSR;

      3.     provide adequate time for petitioner to review the PSR;

      4.     monitor and inform petitioner of filings and statements made in his co-defendants' sentencing hearings;

      5.     investigate and raise sentencing issues presented by petitioner's previous sentencing in a criminal proceeding in a Utah federal court; and

      6.     seek an adjournment of the sentencing hearing.

       The government contends the Section 2255 petition is untimely.

       For the reasons stated below, the Court agrees.  The petition is therefore DENIED as untimely and DISMISSED.

**BACKGROUND**

The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

Petitioner, who was at all relevant times a special agent with the Federal Bureau of Investigation ("FBI"), was accused of selling and agreeing to sell confidential FBI documents and information.  Petitioner was charged with conspiring to bribe a public official; soliciting bribes by a public official; conspiring to commit wire fraud and honest services fraud; theft of government property; and unauthorized disclosure of a suspicious activity report.

On December 23, 2014, petitioner pleaded guilty, without a plea agreement, to all five counts.

Petitioner's sentencing hearing was held on September 14, 2015.  Petitioner was present and told the Court he both "had [the PSR] read to me" and discussed the PSR with his attorney. (Case No. 18 CV 11235, Doc. #1 ("Pet. Mot.") Ex. F ("Sentencing Tr.") at 3–4).  Petitioner objected to a factual statement in the PSR concerning a financial arrangement under which petitioner's co-defendant Rizve Ahmed and Ahmed's associates would pay a certain amount of money to petitioner and co-defendant Johannes Thaler.  (Id. at 5–6).  The Court twice confirmed neither petitioner nor his counsel had any further objections.  (Id. at 6–7, 45).  The Court sentenced petitioner to five years' imprisonment to run consecutively to a ten-year sentence he received on March 30, 2015, in a separate case in the United States District Court for the District of Utah.  See United States v. Robert G. Lustyik, Jr., No. 12 CR 645 (D. Utah Mar. 30, 2015).

On September 24, 2015, petitioner timely filed a notice of appeal to the United States Court of Appeals for the Second Circuit.  (Doc. #200).[1]  The Second Circuit granted the

---

[1]       Unless otherwise noted, all document numbers refer to entries in Case No. 13 CR 616.

government's motion for summary affirmance on September 6, 2016.  See United States v. Lustyik, No. 15-3030 (2d Cir.) (Doc. #51).  Petitioner did not file a petition for a writ of certiorari in the Supreme Court.

In a letter dated August 6, 2017, and received on September 6, 2017, petitioner requested that the Court direct the Bureau of Prisons ("BOP") to adjust petitioner's "public safety factor," which, petitioner claimed, improperly reflected that he was involved in his co-defendant Ahmed's scheme to kidnap and harm another individual.  (Doc. #210).  To wit, paragraph 23 of petitioner's PSR states:  "Ahmed's goal in obtaining the confidential information was to kidnap and physically harm Individual 1, who was living in the United States."

On September 6, 2017, the Court ordered the government to respond by October 6, 2017 (Doc. #210), and subsequently permitted a two-week extension to October 20, 2017 (Doc. #211).

In its October 20 response, the government noted that the statement concerning the kidnapping scheme was contested at co-defendant Ahmed's sentencing hearing.  (Doc. #212). The government did not object to deleting the statement from petitioner's PSR.

In an Order dated November 6, 2017, the Court declined to modify petitioner's PSR or unilaterally change petitioner's BOP public safety factor, noting both actions were beyond its authority.  (Doc. #213).  Instead, the Court issued a finding that petitioner "was not in fact involved in any scheme to kidnap or physically harm Individual 1."  (Id.).

Petitioner filed the instant Section 2255 motion on December 3, 2018, although the motion is dated November 2, 2018, and petitioner claims he placed the motion in the prison mailing system on that date.  (Pet. Mot. at 13).  Petitioner asserts his trial counsel provided constitutionally ineffective representation in the presentencing period and at sentencing. Specifically, petitioner argues the inaccurate PSR and his counsel's ineffective and incomplete

arguments during the sentencing hearing resulted in a higher sentencing range, a higher sentence overall, a sentence to run consecutively to his Utah existing sentence, and unwarranted placement in a higher level security facility.

## DISCUSSION

To prevent undue delay in federal habeas review, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a statute of limitations in which petitioners can seek habeas relief from a federal conviction.  Wims v. United States, 225 F.3d 186, 189 (2d Cir. 2000).  As relevant here, Section 2255(f) provides the statute of limitations for federal habeas petitions as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> . . . or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (4).

As discussed below, AEDPA's one-year limitations period requires dismissal of the petition.

I.     Untimely Under Section 2255(f)(1)

The Supreme Court has held that for federal prisoners who do not file petitions for certiorari following affirmance of their convictions, the one-year limitations period under Section 2255 begins to run when their time expires for seeking review by the Supreme Court.  Clay v. United States, 537 U.S. 522, 526 (2003).  Under the Supreme Court's rules, a petitioner's ninety-day period in which "to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed."  S. Ct. Rule 13(3).  The rule explicitly states the time period does not begin when the mandate (or its equivalent under local practice) issues.  Id.

Petitioner concedes he did not move for habeas review within one year of his conviction becoming final.  The Second Circuit affirmed petitioner's judgment of conviction on September 6, 2016.  Thus, the judgment of conviction became final on or about December 5, 2016, when the ninety-day time limit for filing a petition for a writ of certiorari lapsed, and the one year limitations period expired on December 5, 2017.  The instant Section 2255 petition, dated November 2, 2018,[2] was filed nearly two years after the judgment of conviction became final, and nearly one year after the limitations period expired.  Accordingly, the petition is untimely under Section 2255(f)(1).

II.   Untimely Under Section 2255(f)(4)

Petitioner argues the petition is timely under Section 2255(f)(4) because the Court's Order of November 6, 2017, contained new facts—or, in his words, "facts new to the Petitioner"—that he could not have reasonably discovered before the Order's issuance.  (Pet. Mot. at 12).  Specifically, petitioner claims he learned from the November 6 Order that his trial counsel "had not contested the kidnapping implication in the PSR," which prompted him to review a transcript of his sentencing hearing and discover other alleged inadequacies.  (Pet. Mot. Ex. E, Lustyik aff. at ¶¶ 6-8).

Section 2255(f)(4) cannot save the untimely petition.  Petitioner fails to identify any new facts, much less any facts that could not have been discovered using reasonable diligence within the limitations period.

---

[2]     The government notes that while petitioner declared the petition was deposited into the prison facility's internal mailing system on November 2, 2018, he did not declare he pre-paid first-class postage, as required by Rule 3(d) of the Rules Governing Section 2255 Proceedings. (Doc. #220 at 2).  Nevertheless, the Court assumes for purposes of deciding the instant petition that the petition was filed as of November 2, 2018.

Petitioner's ineffective assistance claims concern what was or was not contested at his September 14, 2015, sentencing.  To be sure, petitioner was present at his sentencing and heard firsthand his trial counsel's arguments.  The Court confirmed that petitioner had discussed the PSR with his attorney and "had [the PSR] read to [him]."  (Sentencing Tr. at 3–4).  The Court asked if petitioner had any objections to the PSR's factual statements.  (Id. at 5).  Through counsel, petitioner then objected to one paragraph concerning a financial arrangement under which petitioner's co-defendant Ahmed and Ahmed's associates would pay a certain amount of money to petitioner and co-defendant Johannes Thaler.  (Id. at 5–6).  The Court twice confirmed that neither petitioner nor his counsel had any further objections.  (Id. at 6–7, 45).  Petitioner offers no good reason why, despite his presence and involvement at the hearing, he was unaware of what transpired.

Even if petitioner was ignorant of what was discussed at his sentencing hearing, however, he reasonably could have discovered what occurred through an exercise of due diligence, namely by reviewing his attorney's publicly filed sentencing memorandum, speaking to his attorney, re-reviewing his PSR, or ordering the transcript of the sentencing, as he eventually did.  Section 2255(f)(4) extends the limitation period only when new facts cannot be learned through the exercise of due diligence.  See, e.g., Matera v. United States, 83 F. Supp. 3d 536, 548 (S.D.N.Y. 2015) (petition time barred because "through the exercise of due diligence[,] [the petitioner] could have developed any further facts necessary to his claim," including obtaining records of his attorney's alleged conflict).  Petitioner fails to demonstrate he could not have discovered this information with reasonable due diligence.

Therefore, the one-year limitations period began to run when petitioner's conviction became final—December 5, 2016—not when the Court issued the November 6, 2017, Order.

Accordingly, the petition is untimely under Section 2255(f)(4).

III.     Equitable Tolling Does Not Apply

Petitioner also argues he is entitled to equitable tolling of the one-year limitations period, because the government "intentionally delayed their response" to petitioner's August 6, 2018, letter "in order to 'run out the clock,' hoping to avoid, and interfering with, Petitioner's filing of a 2255 motion or request for extension."  (Doc. #8 ("Pet. Reply") at 6).

Once again, the Court disagrees.

Section 2255's one-year limitations period may be tolled for reasons other than those listed in Section 2255(f).  Holland v. Florida, 560 U.S. 631, 645 (2010).  To be entitled to equitable tolling, however, a petitioner must show "he has been pursuing his rights diligently," and "some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 649 (internal quotations omitted).  There is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling."  Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011).  "[A] pro se petitioner's ignorance of the law is insufficient to create the extraordinary circumstances required for equitable tolling of AEDPA."  King v. United States, 2017 WL 1483337, at *12 (S.D.N.Y. Apr. 25, 2017).[3]

Petitioner's accusation of government interference plainly does not satisfy the demanding standard for extraordinary circumstances.  First, as explained above, the facts underlying petitioner's ineffective assistance claims were known to (or could have been known to) petitioner within the one-year limitations period.  That the government allegedly sought to conceal

---

[3]     Plaintiff will be provided a copy of any unpublished opinion cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

information that petitioner either already knew or could easily have discovered is farfetched at best.

Moreover, petitioner's contention that the government delayed its response until the time to file a Section 2255 petition had expired is simply incorrect. The government submitted its response to petitioner's letter on October 20, 2017. As explained above, petitioner's limitations period did not expire until December 5, 2017. Therefore, the government's October 20 letter was filed six weeks <u>before</u> petitioner's time to file a Section 2255 petition expired, giving petitioner ample time to submit at minimum a bare-bones petition. [4]  Petitioner's possible mistake in the law does not qualify as extraordinary. <u>King v. United States</u>, 2017 WL 1483337, at *12 (S.D.N.Y. Apr. 25, 2017).

Therefore, petitioner cannot show that extraordinary circumstances prevented timely filing and is not entitled to equitable tolling.

### CONCLUSION

Petitioner's motion under 28 U.S.C. § 2255 is DENIED as untimely and the petition is DISMISSED.

The Court declines to issue a certificate of appealability, because petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, petitioner has not shown that "jurists of reason would find it debatable whether" the

---

[4]       In his reply, petitioner argues the one-year limitations period expired not on December 5, 2017, but on October 12, 2017, one year after the Second Circuit's mandate affirming his conviction. (Pet. Reply at 6). The Supreme Court has explicitly rejected that argument: "We reject the issuance of the appellate court mandate as the triggering date. For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." <u>Clay v. United States</u>, 537 U.S. at 524–25.

Court "was correct in its procedural ruling" in this case.  Slack v. McDaniel, 529 U.S. 473, 478 (2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close Case No. 18 CV 11235.

Dated: May 21, 2019
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge